**The below described is SIGNED.**

**Dated: September 14, 2010**

*William J. Thurman*
**WILLIAM T. THURMAN**
**U.S. Bankruptcy Chief Judge**

_____

Richard C. Terry, USB No. 3216
Douglas A. Oviatt, USB No. 12192
TERRY JESSOP & BITNER
39 Exchange Place, Suite 100
Salt Lake City, Utah 84111
Telephone: 801/534-0909
Facsimile: 801/534-1948
Email: richard@tjblawyers.com

Attorneys for Cyprus Credit Union

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

_____

| | |
|---|---|
| In re:<br><br>JASON FITZGERALD CHRISTENSEN<br>& KELLY THERESA CHRISTENSEN<br><br>Debtors. | Bankruptcy No. 09-20320wtt<br><br>Chapter 7 |
| CYPRUS CREDIT UNION,<br><br>Plaintiff,<br><br>v.<br><br>JASON CHRISTENSEN,<br><br>Defendant. | Adversary No. 09-2152<br><br>Filed Electronically<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW** |

The above entitled matter having come on for trial before the Honorable William T.

Thurman on August 18, 2010, the Plaintiff represented by Douglas A. Oviatt of Terry

Jessop & Bitner and the Defendant appearing pro se, and the Court having heard and weighed the evidence finds as follows:

## FINDINGS OF FACT

1. Defendant executed a Construction Loan Agreement with Plaintiff in which he represented that he intended to occupy as his personal residence the home he intended to build using a construction loan from Plaintiff.

2. The principal residence representation was material in that this loan was intended as a consumer loan as opposed to a business loan.

3. The principal residence representation was made for the purpose of inducing Plaintiff to approve and make the loan.

4. The principal residence representation was false. Defendant's intent at all times was to develop the Property as a business investment and in speculation of resale.

5. Prior to these loans with Cyprus, Defendant had been a party to four other mortgage loans.

6. On each of the prior four loans, Defendant had been a co-debtor with his wife.

7. Neither Defendant nor his wife recall any specific conversation regarding the plans, design or finish details of the Property.

8. Neither Defendant nor his wife recall being forced to cancel building on the first lot and having to choose a second lot.

9. Neither Defendant nor his wife recall any specific discussion concerning the cost associated with building a home, the anticipated mortgage payment, the ability to make the mortgage payment or the increase to the loan of nearly $100,000.

10. The home Defendant built with the loan is a three bedroom, two and a half bathroom home while the home Defendant was living in at the time was a four bedroom, three bath home.

11. Plaintiff was unaware of Defendant's true intent with regard to the loan, and in that ignorance, approved the loan and disbursed the funds on behalf of Defendant.

12. Defendant made the primary residence representation with full knowledge and appreciation of his intent and purpose to build the Property as an investment and immediately resell the Property to realize a profit and return on investment.

13. Plaintiff reasonably relied on the primary residence representation in making the loan and would not have made the loan had Plaintiff been informed of Defendant's true intentions.

14. Plaintiff was induced to make the loan based on the primary residence representation.

15. Plaintiff has been damaged as a result of the false primary residence representation, and would not have been damaged but for its reliance on the representation.

16. The promissory note called for a single, full payment of all principal and accrued interest due on June 30, 2007, which date was later modified and extended to November 30, 2007.

17. Plaintiff required and obtained a letter indicating that Defendant had been pre-approved for long-term financing to satisfy the promissory note upon completion of the home.

18. Defendant failed to pay the promissory note when due and Plaintiff elected to foreclose the Deed of Trust securing the promissory note and sell the Property.

19. Plaintiff recorded a Notice of Default in the office of the Salt Lake County Recorder and mailed a copy to Defendant.

20. After waiting the prescribed three months, Plaintiff posted on the property and mailed to Defendant a notice of trustee's sale.

21. On June 27, 2008, Plaintiff sold the Property at public sale for the price of $375,000.

22. As of June 27, 2008, Defendant was indebted to Plaintiff in the amount of $570,453.86.

23. As of June 27, 2008, the fair market value of the Property was $475,000.

24. The amount due and owing under the Second Note, and the measure by which Plaintiff has been damaged as a result of its reasonable reliance on Defendant's false representations is $128,640.42 as of June 2, 2010, including interest at the contract default rate of 18% until paid in full.

## CONCLUSIONS OF LAW

Further, the Court makes the following conclusions of law:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334 and 11 U.S.C. §523. Defendant made a false representation to Cyprus Credit Union in connection with obtaining a construction loan.

2. Venue in this Court is proper.

3. The representation was false in that Defendant did not intend to occupy the home to be built with the construction loan as his personal residence.

4. Defendant knew the representation was false when it was made.

5. The representation was relied upon by Cyprus Credit Union in its review and approval of the loan.

6. Cyprus Credit Union's reliance upon the representation was reasonable in that Cyprus was provided with no information to indicate the representation was false, nor did Cyprus have reason to doubt the veracity of Defendant's claim.

7. The misrepresentation was material because Cyprus would not have approved the loan without the misrepresentation.

8. The representation was intended to induce Cyprus Credit Union to loan Defendant funds to build a home.

9. Cyprus was induced by the representation and did loan Defendant money to build a home.

10. Defendant obtained a loan from Cyprus Credit Union through the use of false representation, false pretenses and/or actual fraud.

11. Cyprus has been damaged as a result of its reasonable reliance on the false representation in the principal amount of $128,640.42 as of June 2, 2010, with interest at the contract rate of 18% through August 18, 2010, with interest at the federal judgment rate thereafter, until paid in full.

Approved as to form
and content:

_____
Jason Christensen

--------------------------------------------------END OF DOCUMENT--------------------------------------

### CERTIFICATE OF SERVICE OF CLERK

I, Clerk of Court, hereby certify that on _____, I served a copy of the foregoing Findings of Fact and Conclusions of Law upon the following by first class mail, postage prepaid; or by filing this pleading electronically as an ECF registered attorney of the United States District Court, I caused the same to be served via ECF:

Jason Christensen (Via U.S. Mail)  Richard C. Terry  (Via ECF)
10674 South Pine Shadows Road  Douglas A. Oviatt
South Jordan, Utah 84065  TERRY JESSOP & BITNER
 39 Exchange Place, Suite 100
 Salt Lake City, Utah 84111

_____

## CERTIFICATE OF SERVICE

I, Richard C. Terry, attorney for Cyprus Credit Union, hereby certify that on August 23, 2010, I served a copy of the foregoing document upon the following by first class mail, postage prepaid; or by filing this pleading electronically as an ECF registered attorney of the United States District Court, I caused the same to be served via ECF:

Jason Christensen (Via U.S. Mail)
10674 South Pine Shadows Road
South Jordan, Utah 84065

            /s/ Richard C. Terry

I:\1\1939\1107\Bankruptcy\FOF and COL-Final.wpd